UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE UNDERWOOD,<br><br>           Plaintiff,<br><br>     v.<br><br>J. TERCERO, *et al.*,<br><br>           Defendants. | Case No.  2:21-cv-01566-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) CHOOSE TO PROCEED ONLY WITH HIS DUE PROCESS CLAIMS AGAINST DEFENDANT G. ELLIN AND DISMISS HIS CLAIM AGAINST DEFENDANT TERCERO; OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff has filed a complaint alleging that defendant Tercero issued a false disciplinary violation against him and that defendant Ellin violated his due process rights at the ensuing disciplinary hearing.  His claims against defendant Ellin are suitable to proceed, but his claims against Tercero are not.  Plaintiff must choose whether to proceed only with his viable claims or delay serving any defendant and file an amended complaint.  I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings two claims. First, he alleges that defendant Tercero filed a false disciplinary violation against him after he refused Tercero's request to accept a different cellmate. ECF No. 1 at 9. Courts in this circuit have held that the filing of a false disciplinary violation does not, standing alone, give rise to a cognizable claim under section 1983. *See, e.g.*, *Gadsden v.*

*Gehris*, No. 20cv0470-WQH (DEB), 2020 U.S. Dist. LEXIS 177509, 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegations of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves."). Plaintiff does not allege that Tercero was involved in the subsequent disciplinary proceedings. His claim against defendant Ellin, by contrast, is suitable to proceed. Plaintiff claims that defendant Ellin, who presided over the disciplinary hearing, refused to allow him to call witnesses. In *Wolff v. McDonell*, the Supreme Court held that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. 539, 566 (1974).

        Plaintiff must choose whether to proceed only with his claim against Defendant Ellin or to delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

        Accordingly, it is ORDERED that:

        1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

        2. Within thirty days from the service of this order, plaintiff must either file a written notice that he intends to proceed only with the viable claim identified in this order OR submit an amended complaint.

        3. Failure to comply with this order may result in the dismissal of this action.

        4. The Clerk of Court is directed to send plaintiff a complaint form.

1
2  IT IS SO ORDERED.
3
4  Dated:   April 11, 2022                    _____
                                              JEREMY D. PETERSON
5                                             UNITED STATES MAGISTRATE JUDGE

4